**IN THE COURT OF APPEALS OF IOWA**

No. 15-1903
Filed March 22, 2017

**KENNETH LEE DOSS,**
        Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
        Respondent-Appellee.
_____

        Appeal from the Iowa District Court for Jones County, Sean W. McPartland, Judge.

        Kenneth Doss appeals the district court's dismissal of his action for postconviction relief. **AFFIRMED.**

        Thomas M. McIntee, Waterloo, for appellant.

        Thomas J. Miller, Attorney General, and Nicholas E. Siefert, Assistant Attorney General, for appellee State.

        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**BOWER, Judge.**

Kenneth Doss filed a pro se application for postconviction relief (PCR) on December 31, 2013, in Warren County alleging the Iowa Department of Corrections (IDOC) improperly forfeited his earned time.  Before the case came to trial, Doss was transferred several times, requiring him to refile the PCR action.  Doss requested the return of earned time and immediate release, but he discharged his sentence August 12, 2015, before his PCR trial took place.  The district court, finding the matter to be moot, dismissed the application.  Doss appeals the district court's finding.

In general, postconviction claims are reviewed for the correction of errors at law.  *More v. State*, 880 N.W.2d 487, 498 (Iowa 2016).  However, constitutional claims are reviewed de novo.  *Perez v. State*, 816 N.W.2d 354, 356 (Iowa 2012).

Doss claims an exception to the mootness doctrine exists in this case because it presents a question of great public importance.  *See Homan v. Branstad*, 864 N.W.2d 321, 330 (Iowa 2015).  Our supreme court has previously considered similar due process issues and reached the merits of those cases.  *See Reilly v. Iowa Dist. Ct.*, 783 N.W.2d 490, 493 (Iowa 2010); *see also Dykstra v. Iowa Dist. Ct.*, 783 N.W.2d 473, 476 (Iowa 2010).  We find these cases have resolved the question presented by Doss, and therefore, we affirm the district court pursuant to Iowa Court Rule 21.26(1)(a), (c), (d), and (e).

**AFFIRMED.**